NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUI LIN,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>                Respondent. | No.   15-70705<br><br>Agency No. A089-114-553<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Hui Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency's adverse credibility determination in this case is supported by substantial evidence, including the inconsistencies between Lin's testimony and his declaration concerning the government's responses to his children's births, and his internally inconsistent testimony concerning the factory that he claims was destroyed. *See Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014) ("[T]o overturn an IJ's adverse credibility determination, we must find that 'the evidence not only *supports* [a contrary] conclusion, but *compels* it.'" (second alteration in original) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011))). In the absence of credible testimony, Lin's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Lin's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Lin does not point to other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

15-70705

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**